IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

CASE NO: 14-04198-ESL/C

IN RE:                                                    CHAPTER: 13

**MEDINA DIAZ, ERNESTO**
**(SS: 3636)**                                            (SS: )

**Debtor(s)**
PO BOX 367681                                             CONF: 11/12/2014
SAN JUAN, PR 00907

MOTION OF AMENDED PLAN AND
NOTICE OF OPPORTUNITY TO OBJECT AND FOR A HEARING

**TO THE HONORABLE COURT:**
**COME(S) NOW** Debtor(s), represented by the undersigned attorney, and represents

as follows:

1 - The Debtor(s) inform(s) of the amended plan dated **October 14, 2014** pursuant to

11 U.S.C. 1323(a). Copy of the said plan is attached to this motion. The amendments to

plan were to: **payment schedule and law section in other claim modifications**

**provision.** See attached plan for details.

NOTICE OF OPPORTUNITY TO OBJECT PURSUANT TO LBR 9013-1(h)

Within **twenty one (21)** days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**WHEREFORE** applicant(s) pray(s) from this Honorable Court to take notice of the

amended Chapter 13 Plan, accepts and confirms, without a hearing or at the

confirmation hearing, the Chapter 13 Plan.

-1-

**RESPECTFULLY SUBMITTED.**

In Carolina, Puerto Rico, October 14, 2014

**LEGAL PARTNERS, P.S.C.**
Box 316, Señorial Station
San Juan, P.R. 00926-6023
Tel:(787) 791-1818
Fax: (787) 791-4260

***/S/ Juan M. Suárez Cobo***
Juan M. Suárez Cobo
USDCPR 211010
suarezcobo@gmail.com

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification, upon information and belief, of such filing to all parties in interest registered in this case for CM/ECF notice. We will serve by regular mail copy this document to any the above-named persons, upon knowing that they are non CM/ECF participants and to all parties and creditors in the address list attached.

### CERTIFICATE OF MAILING & SERVICE

I, Julio I. Bultrón, hereby certify, that a true and exact copy of this motion was sent by Regular mail, to the following parties and addresses, in the address list attached:

On this day, October 14, 2014.

***/s/Julio I. Bultrón***
**Julio I. Bultrón**

-2-

<u>CHAPTER 13 PLAN DATED October 14, 2014</u>

*Plan Revision dated 10/08/2014*

**United States Bankruptcy Court**
**For the District of Puerto Rico**

| | |
|---|---|
| **IN RE:** | Case No. **14-04198-ESL/C** |
| **MEDINA DIAZ, ERNESTO** | Chapter **13** |
| **PO BOX 367681** | SSN: xxx-xx-**3636** |
| **SAN JUAN, PR  00907** | SSN: xxx-xx- |

*Debtor(s)*

**YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN.** The following plan contains provisions which may affect your rights. You should read this document carefully and discuss it with your attorney.  When confirmed, the plan shall bind the debtor(s) and each creditor to its terms. **OBJECTIONS TO THIS PLAN SHALL BE MADE IN COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3015-2.**

1. <u>**PAYMENT AND LENGTH OF PLAN**</u>    *[ ] A payroll deduction order shall be issued to the Debtor's employer.*

Debtor(s) shall pay to the Chapter 13 Trustee the amounts described on the following payment schedule. Unless the Court orders otherwise payments shall commence no later than 30 days after filing of the petition.

**Trustee shall deduct the percentage fee fixed under 28 U.S.C. §586(e) on disbursement provided for in this plan.**

**The effective date of the plan is the date on which the plan is confirmed for the first time.**

☒ **[Section  10 of the plan]**  Provisions provided in section  10 of this  plan deviates from the standard provisions used in Form Plan Revision Dated 04/09/2010

☐ **[100+4.25% Distribution]** If this check box is "checked" the plan will pay, after payment in full of all §507 priority allowed claims, 100% of undisputed, non-contingent, liquidated and allowed general unsecured creditors provided under section 8 of this plan, plus a present value annual interest of 4.25%.

**PAYMENT SCHEDULE**

| Monthly Payment Amount | | Months | | Total Paid | |
|---|---|---|---|---|---|
| $400.00 | x | 60 | = | $24,000.00 | |
| **Sub-Totals** | | | | $24,000.00 | |
| Additional Payments Amounts | | Month from filing, to make payment | | | **DATE & SOURCE OF ADDITIONAL PAYMENTS** |
| $ 50,000.00 | | 60 | | $ 50,000.00 | From funds to be received from settlement or judgement of  discharge injunction violation against Rolando G. Abreu Rodriguez. The payment is estimated at this time in $50,000.00. The amount  to be paid into the plan will  be deemed amended upon the entry of judgment or approval of the settlement, and shall be the lesser of the following amounts, when and if received:<br><br>1) The non-exempt proceeds received from law suit, after deducting administrative expenses; or<br><br>2) The non-exempt proceeds received from law suit up to the  amount needed  to pay 100% to general  unsecured creditors  and 4.25% for  present  value for general unsecured  creditors,  after  deducting  administrative expenses. |
| | | | = | | |
| **Total Plan Base** | | | = | $74,000.00 | |

-Chapter 13 plan page 1 of 8-

### CHAPTER 13 PLAN DATED October 14, 2014

*Plan Revision dated 10/08/2014*

**TAX REFUNDS:** Income tax refunds, that were accumulated pre-petition, that have not been exempted and those that were accumulated post-petition, thus property of the estate, will be devoted each year, as periodic payments, to the plan's funding until plan completion. The tender of such payments shall deem the plan modified by such amount, increasing the base thereby without the need of further notice, hearing or Court order. In need be for the use by debtor(s) of a portion of such refund, debtor(s) shall seek Court's authorization prior to any use of funds, or as soon as practicable.

**2. PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PROVISIONS:** ☒ **None, if checked**

**3. PRIORITY CLAIMS (INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT)**
**(a)** Outstanding balance of Debtors' attorney fees pursuant to Rule 2016(a) Statement.

|  |  |
|---|---|
| Rule 2016(a) Statement: | $ **3,000.00** |
| Fees Paid Pre-Petition: | ($ **257.00**) |
| Rule 2016 Outstanding balance: | $ **2,743.00** |

**(b) All allowed priority claims shall be paid in full unless creditor agrees otherwise [11 U.S.C. §1322(A)(2)]. The Debtor shall pay DIRECTLY all Domestic Support Obligations that become due after the petition.**

**4. SECURED CLAIMS:** ☐ **None, if checked**

(1) Allowed secured claim holders, with pre-petition perfected and registered liens, provided under this section 4 of the plan, shall retain their liens in compliance with 11 U.S.C. §1325(a)(5)(B)(1) or until otherwise provided under the plan. (2) The Trustee shall pay any and all post-petition fees, expenses, charges and late charges requested by creditor in compliance with Bankruptcy Rule 3002.1, unless objected by the Debtor(s) and/or if ordered by the Court otherwise.

**(a) PAID DIRECT:** ☐ **None, if checked**
Secured Claims listed below shall be paid directly by Debtor(s), in accordance with the contract between the parties:

| CREDITOR | PAYMENT BEGINS AS DESCRIBED BELOW | COLLATERAL DESCRIPTION |
|---|---|---|
| ROLANDO G ABREU RODRIGUEZ | Next month due after the filing of the petition | RESIDENTIAL PROPERTY |

**(b) CURE ARREARS:** ☐ **None, if checked**
Secured arrears for claims listed below, shall be paid through the plan (11 U.S.C. §1322(b)(5)). For the claims of creditors listed below, the shall be pay as follows:

**(1) Creditor's proof of claims filed within the bar date:** If the original proof of claim or amended proof of claim is filed by the creditor, within the deadline to file a proof of claim ("bar date") set by the Court, then the Trustee shall pay the amount of arrears as indicated by the allowed claim as filed or amended by the creditor, unless disallowed or expressly modified by the Court and/or the terms of the plan. Any claim filed by the Debtor(s) will be superseded by the creditor's proof of claim or amended proof of claim filed within the deadline to file a proof of claim set by the Court; **or**

**(2) Creditor's proof of claims NOT filed within the bar date:** If the proof of claim or amended proof of claim is filed by the creditor, after the expiration of the deadline to file a proof of claim ("bar date") set by the Court, then the Trustee shall pay **the lesser of:** (a) the amount of arrears provided in the proof of claim or amended proof of claim filed by the creditor; **or** (b) the amount of arrears provided in this section, in which case any amount of arrears in excess of the amount provided in this section will be forever discharged; **or**

**(3) Only Debtor(s) file(s) proof of claims:**
If the Debtor(s) file(s) a proof of claim on behalf of the creditor's claim listed below, for which the creditor does not file a proof of claim within the deadline to file a proof of claim ("bar date") set by the Court, then the Trustee shall pay the amount of arrears as indicated by the proof of claim or amended proof of claim filed by the Debtor(s), in which case any amount of arrears in excess of the amount provided in the proof of claim or amended proof of claim filed by the Debtor(s) will be forever discharged.

**Other provisions applicable to this section:** An amended proof of claim filed by the creditor after the expiration of the deadline to file a proof of claim ("bar date") set by the Court will have no effect and will not be allowed unless the Court orders otherwise.

| CREDITOR | COLLATERAL DESCRIPTION | ARREARAGE AMOUNT | MONTHLY PAYMENT | MONTHS OF PAYMENT |
|---|---|---|---|---|
| ROLANDO G ABREU RODRIGUEZ | RESIDENTIAL PROPERTY | $7,656.84 | Pro-Rata | Pro-Rata |

CHAPTER 13 PLAN DATED October 14, 2014

*Plan Revision dated 10/08/2014*

**(c) CURE ARREARS DIRECTLY OUTSIDE THE PLAN** ☒ **None, if checked**

**(d) PAID IN FULL:** ☒ **None, if checked**

**(e) SECURED CLAIMS SUBJECT TO §506 CRAMDOWN BY ADVERSARY PROCEEDING:** ☒ **None, if checked**

**(f) STRIP-OFF OF WHOLLY UNSECURED JUNIOR MORTGAGES AND/OR LIEN:** ☒ **None, if checked**

**(g) OTHER CLAIM MODIFICATIONS:** ☐ **None, if checked**

Secured Claims listed below **shall be modified** pursuant 11 U.S.C. §1322(b)(2) and §1322(c)(2). The Trustee, upon confirmation of the plan, shall pay the allowed claim as expressly modified by the terms of the plan, as provided below:

| CREDITOR | COLLATERAL DESCRIPTION | DEBT AMOUNT | ANNUAL INTEREST | MONTHLY PAYMENT | MONTHS OF PAYMENT |
|---|---|---|---|---|---|
| CITIFINANCIAL | RESIDENTIAL PROPERTY | $5,585.00 | 3.50% | Pro-Rata | Pro-Rata |

**5. INSURANCE COVERAGE FOR SECURED CLAIMS:** ☒ **None, if checked**

**6(a). SURRENDER OF PROPERTY (NO DISTRIBUTION BY THE TRUSTEE):** ☒ **None, if checked**

**7. UNSECURED PREFERRED CLAIMS:** ☒ **None, if checked**

**8. UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid as follows:

The debtor(s) shall pay the Trustee sufficient funds to pay the higher of the ("Unsecured Pool") determined pursuant to Form B22C or the present value of the portion of the Liquidation Value determined in the case pursuant to 11 U.S.C. § 1325(a)(4), that general unsecured creditors are entitled to receive.

Any funds received by the Trustee in excess of the amount necessary to pay all allowed priority unsecured claims, all secured claims, all long term debts, and the Unsecured Pool and/or the Liquidation Value, shall increase the return to general unsecured allowed claims until the Debtor has paid the Plan Base to the Trustee.

**9. OTHER PLAN PROVISIONS AND MOTIONS**

**(a) Vesting of Property of the Estate:** Pre-petition existing property of the estate shall vest in the Debtor(s) upon discharge. The Court will retain jurisdiction over all existing causes of action. Post-petition acquired property will be property of the chapter 13 estate pursuant to 11 U.S.C §1306.

**(b)** Notwithstanding whatever provided in preceding paragraph (a), if the plan is funded by the proceeds of a sale or refinancing of property of the estate shall not vest on debtors and the Court shall retain jurisdiction over such property and any related transactions until its completion.

**(c) Excluded Properties By Stay Modification:** For properties for which the stay is modified or lifted under section (6) of this plan, hereinafter referred as **"excluded property"**, if a private or judicial sale of the "excluded property" occurs and proceeds are left after payment of all liens and all costs, those proceeds will be paid into the plan and the plan's base will be deemed amended automatically without further hearing.

**10. Other, Special Provisions of the Plan Not Elsewhere Described:**

**THIS PLAN DOES NOT ALLOW CLAIMS.** To be paid under any plan that may be confirmed, you must file a proof of claim. The Trustee shall pay the allowed claim as filed, unless disallowed or expressly modified by the Court and/or the terms of the plan. If no claim is filed, the Trustee shall not pay a creditor provided for in the plan, unless ordered by the Court. Please refer to the notice of commencement of case for §341 meeting date, plan confirmation (approval) hearing date and the claims bar date, the latter date by which a proof of claim must be filed to participate of the plan distribution.

**POST PETITION REGULAR MONTHLY PAYMENTS ON SECURED CLAIMS.** In order to commence disbursements of

<u>CHAPTER 13 PLAN DATED October 14, 2014</u>

*Plan Revision dated 10/08/2014*

any post petition regular payments, on any secured obligation, a proof of claim must be filed including the following information: (a.) account number; (b.) mailing address; (c.) due date and (d.) the monthly payment. Such creditor must notify the Trustee of any change in the monthly payment under the terms of the obligation at least 60 days prior to the effective date of new payment.

**(a) Order of Distribution.**
Trustee shall disburse or accrue payments to allow claims provided in the plan in the following order, unless the plan provides otherwise:

| PAYMENT ORDER | ALLOWED CLAIM |
|---|---|
| 1 | Pre-Confirmation Adequate Protection Payments under 11 U.S.C. § 1326(a)(B)&(C) |
| 1 | Post Petition Regular Monthly payments of Secured Claims |
| 1 | Debtor's Attorneys Fees |
| 2 | Lease related: (Direct payments, arrears, reserve and residuals) on assumed leases |
| 3 | Secured creditors provided under the plan on prorata basis and/or any before any other creditor |
| 3 | Equal Monthly Payments to Secured Creditor |
| 3 | Insurance Premium |
| 4 | §507 Priority Allowed Claims |
| 5 | Preferred Unsecured claims |
| 6 | General Unsecured Claims |

**b.** Confirmation of this plan does not bar a party in interest from objecting to a claim which is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002, nor it bars the filing and/or granting of a request for compensation in excess of the amounts provided for in L.B.R. 2016-1(f).

**c.** Unless otherwise ordered, any creditor holding a claim secured by property which is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or through operation of the plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within ninety (90) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date shall be the date of the entry of the order confirming or approving this plan, modifying this plan, or granting relief from the stay, which ever occurs first. This also applies to creditors who may claim an interest in, or lien upon, property which is removed from the protection of the automatic stay of another lien holder or release to another lien holder.

**d.** If a claim is listed in the plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor shall be treated as unsecured for purposes of distribution and for any other purpose under the plan.

**e.** Property of the estate includes all of the property specified in 11 U.S.C. §541 and all property of the kind specified in such section acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

**f.** To receive a pre-confirmation adequate protection payment from the trustee, as provided for by the Code, the secured creditor must file a proof of claim. Adequate Protection Payments will begin as soon as practicable after filing the proof of claim by the creditor, and there will be no retroactive adequate protection payments for the elapsed time before filing the proof of claim. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims which are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to other claims upon further order of the Court. A creditor, that it is provided for under the terms of this plan and fails to file a timely allowed claim before the bar date, will have consented to a prohibition to request relief from the automatic stay.

**g.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution. Consequently, confirmation of this plan shall constitute a finding that any such clauses, conditions or provisions, whether arising under the Federal Arbitration Act or any state rule, statute, or regulation, are invalid, void and otherwise unenforceable as to the debtor(s) or the Chapter 13 Trustee.

**h.** All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

<u>CHAPTER 13 PLAN DATED October 14, 2014</u>

*Plan Revision dated 10/08/2014*

**i.** The plan in this case will provide for the payment of all filed and allowed contingent claims at the same percentage as the said plan pays to other unsecured creditors. For purposes of the plan, all such contingent claims shall be deemed to have an estimated value of $100.00.

**j.** Confirmation of this plan shall constitute a finding that the debtor(s) do not waive, release or discharge but rather retain and reserve for themselves and the Chapter 13 Trustee any and all pre-petition claims and any and all post-petition claims that they could or might assert against any party or entity arising under or otherwise related to any state or federal consumer statute or under state or federal common law including but not limited to fraud, misrepresentation, breach of contract, unfair and deceptive acts and practices, retail installment sales act violations, Truth in Lending violations, Home Equity Protection Act violations, Real Estate Settlement Protection Act violations, Fair Debt Collection Practices Act violations, Fair Credit Reporting Act violations, Equal Credit Opportunity Act violations, Fair Credit Billing Act violations, Consumer Leasing Act violations, Federal Garnishment Act violations, Electronic Funds Transfer Act violations, and any and all violations arising out of rights or claims provided for by Title 11 of the United States Code, by the Federal Rules of Bankruptcy Procedure, or by the Local Rules of this Court.

**k.** The debtor(s) reserve the right to reduce the any and all terms of the plan at any time, even after confirmation of the plan. Creditors should be aware that this is a "pot plan" and general unsecured creditors are not guaranteed that the projected distribution at confirmation will remain unaltered after confirmation. It should not be understood that the debtor(s) waive(s), resign(s) or agree(s) that the term of the plan should be 60-months. The debtor(s) make no representation that the plan month term, base, and/or unsecured distribution of the plan will not be reduced. The debtor(s) proposal of a 60-month plan is made without prejudice to challenging the temporal or quantitative meaning of 11 U.S.C. 1325(b)(1)(B).

**l.** Upon the satisfaction or other discharge of a security interest in a motor vehicle, mobile home, or in any other property of this estate in bankruptcy for which the certificate of title is in the possession of the secured party, the secured party shall within 10 days after demand and, in any event, within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles and/or the Department of Public Transportation prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before or after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under 11 U.S.C. §350 to pursue the rights and claims provided for herein.

**m.** If a claim has been transferred by the holder thereof after the holder has filed a proof of claim with the Trustee, then the failure of the transferee to file evidence of the terms of the transfer with the Clerk of the Bankruptcy Court, with the Trustee, and with the attorney for the debtor(s) shall not serve to remove the transferor as a creditor in this case and in such situations all actions taken by the transferee subsequent to the transfer shall be deemed acts of the transferor to the same extent as if the transferee was a duly appointed agent of the transferor acting fully within the course and scope of his, her or its agency.

**n.** Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of the plan herein, constitutes waiver of any right(s) of said creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contracts with the debtor(s) herein.

**o.** The debtor(s) reserves the right to object to any proof of claim that is not filed in strict compliance with Rule 3001 of the Bankruptcy Rules and furthermore reserves any and all claims, causes of action, offsets, or defenses the debtor(s) may have with respect to any such claim. Furthermore, to the extent a filed proof of claim is inconsistent with this Plan or with any of the Schedules or Statements filed in this case, then and in that event the debtor(s) reserve the right to object and to pursue any and all legal claims related to or arising out of the transactions or occurrences giving rise to and otherwise related with the said claim or claims. To the extent the debtor raises an objection to a filed proof of claim, or to a notice of transfer of a filed claims, or files any adversary proceeding related to such an original claim or a transferred claim, then and in that event this plan shall be deemed to be automatically amended so as to indicate that such a claim is disputed, contingent and unliquidated. The debtor also reserves to the estate or the debtor(s) all claims or causes of action he may have, could have or might have based on any claim filed with the Trustee in this case by any creditor, assignee or transferee and nothing in this Plan or in these Schedules shall be deemed a waiver of any such claims or causes of action.

**p.** 11 U.S.C.§1325(a)(9)(*) provides that for purposes of paragraph (5) of §1325(a), §506 shall not apply to a claim described

<u>**CHAPTER 13 PLAN DATED October 14, 2014**</u>

*Plan Revision dated 10/08/2014*

in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in 49 U.S.C. §30102) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing. Since 506(a)(1) provides for the allowance of unsecured claims for under-secured creditors, and since such section does not apply to these claims, then to the extent that this plan provides for the abandonment of any 910-day or 1-year collateral to the holder of the secured claim then and in that event such action shall be deemed in full satisfaction of the underlying debt and such creditor shall not be allowed and in fact precluded from filing an unsecured deficiency claim after the recovery and disposition of the collateral.

**q.** Upon confirmation of this plan, all creditors who are provided for under the plan shall be specifically prohibited from taking any of the following actions pursuant to 362(a): (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title; (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate; (4) any act to create, perfect, or enforce any lien against property of the estate; (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title; (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title; (7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and (8) the commencement or continuation of a proceeding before the United States Tax Court concerning a corporate debtor's tax liability for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable period ending before the date of the order for relief under this title.

**r.** Confirmation of this Plan shall constitute a finding by the Court that the Debtor(s) and attorney(s) for Debtor(s) have fully complied with all of the required pre-confirmation obligations imposed by Title 11 of the United States Code, the Rules of Bankruptcy Procedure, the Local Rules of this Court, and all Administrative Orders and any other procedures related to the implementation of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. This plan does not set a deadline for the filing of administrative expenses.

**s.** The plan filed by the debtor(s) herein specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which permits any such creditor to declare the Debtor(s) in default under any such agreement for filing a bankruptcy/insolvency action (*Ipso Facto Clauses*). Consequently, confirmation of this plan shall constitute a finding that any such *Ipso Facto Clauses*, no matter how or where arising, are invalid, void and otherwise unenforceable as to the Debtor(s) in this chapter 13 case or in any subsequent conversion of this case to a chapter 7 proceeding. Nor shall such *Ipso Facto Clauses* be binding on any trustee, whether appointed in this chapter 13 case or who may be subsequently appointed upon conversion of this case to a chapter 7 proceeding. The Debtor(s) hereby specifically reject all existing contracts for credit that are not specifically accepted or reaffirmed, including/particularly any clause of any contract that includes binding arbitration. That upon discharge all contracts not specifically accepted or reaffirmed, will be considered rejected and void, and will not be applicable to any cause of action, and specifically any clause requiring binding arbitration is hereby rejected in any matter arising pursuant to Title II, or a core action thereof.

**t.** Confirmation of the plan shall impose an affirmative duty and legal obligation on the holders and/or the servicers of any claims secured by liens, mortgages and/or deeds of trust on the residential real property of the debtors to do all of the following:

**(1)** To apply the payments received from the trustee on the pre-petition arrearages, if any, and only to such arrearages. For purposes of this plan, the "pre-petition" arrears shall include all sums included in the "allowed" proof of claim. During the term of the plan, payments from the trustee shall be credited against the pre-petition arrearage. The pre-petition arrearage shall have a "0" balance upon entry of the Discharge Order in this case.

**(2)** To deem the pre-petition arrearages as contractually cured upon confirmation of the plan, thereby precluding the imposition of late payment charges or other defaulted-related fees and services based solely on the pre-petition default or defaults. Such action shall be taken by making the adjustment to the account in a sufficient amount to "cure" the pre-petition arrears as established by the "allowed" proof of claim. If the case is dismissed and closed with pre-petition arrearage pending, such amounts shall not deemed contractually cured.

**CHAPTER 13 PLAN DATED October 14, 2014**

*Plan Revision dated 10/08/2014*

**(3)** To apply the direct post-petition monthly mortgage payments paid by the trustee and/or by the debtor(s) to the month in which they were designated to be made under the plan or directly by the debtor(s), whether or not such payments are immediately applied to the outstanding loan balance or are placed into some type of suspense, forbearance or similar account. All such post-petition payments must be first applied to the outstanding post-petition interest and then to the principal balance and may not be used for any other purpose without the approval of the Bankruptcy Court after proper notice and a hearing.

**(4)** To notify the trustee, the debtor(s) and the attorney for the debtor(s) in writing of any changes in the interest rate for any non-fixed rate or any adjustable rate mortgages and the effective date of any such adjustment or adjustments. The failure to comply with such notice requirements shall constitute a waiver of any increase in the rate until such notice is provided. In the event the rate should be reset to a rate lower than the rate as of the petition date, then any failure to provide notice as herein provided shall constitute a violation of 524(i) to the extent that the debtor suffers aggregate damages of more than $50.00.

**(5)** To Notify the trustee, the debtor(s) and attorney for the debtor(s) in writing of any, assessment of, charge of, payment of, pre-payment of and/or disbursement of, change in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments, and/or that may affect the amount that debtor(s) owes and/or will owe. The failure to comply with such notice requirements shall constitute a waiver of any right to recover any advance, payment, disbursement, change, assessment, pre-payment and/or enhanced escrow payments and to recover any such increases until such notice is provided, on the condition that it is provided within sufficient time to maintain the feasibility of the plan as confirmed.

**(6)** To refrain from directly paying or attempting to pay any pre-petition tax obligation that the debtor(s) have included in their plan to be paid under their plan unless a motion is filed to modify the plan with adequate notice and hearing or unless a notice of assignment of the tax claim is filed from the taxing authority to the servicer and/or holder of the mortgage loan or loans.

**(7)** To provide the debtor(s) and the undersigned attorney, to their respective addresses of record, in the manner agreed of any and all notices agreed under the mortgage deed, mortgage note, loan documents and/or to provide any other notice required by law, accrued post-petition, including but not limited to providing the debtor(s) with the notice upon default of any post-petition monthly installment under the note, each time it occurs, providing a cure date that shall not be less than thirty (30) days from the date of such notice is mailed. The debtor(s) will not be in default until this notice is given. The notice shall be informative in nature and shall not have any collection request, for example: "According to our records the payment corresponding to the for the post-petition installment for (month/year) has not been received. You have thirty (30) days from the date of the mailing of this notice to cure the described default or explain why you are not in post-petition default". A notice given in the manner described herein will not violate the automatic stay in effect.

**(8)** To refrain from ever assessing, charging, imposing, advancing or billing any type of fees or charges (such as property insurance premiums, taxes, legal fees, broker price opinion fees, property inspection fees, property preservation fees, proof of claim fees, notice of appearance fees, plan review fees, or any type of legal fees, or any other type of fee or charge) to the mortgage loan of the debtor(s) either post-petition and pre-confirmation, either post-confirmation and pre-discharge, or post-discharge unless such fees or charges have been approved by the Bankruptcy Court upon filing of a proper application for the approval of such fees and charges under Rule 2016(a) of the Rules of Bankruptcy Procedure and after adequate notice of hearing, within one hundred and twenty (120) days of date in which fees and/or charges were incurred by the creditor. **T**o the extent such fees are not approved, but are provided in any type of notice to the debtor(s), such action shall be deemed to constitute a material violation of this provision and a violation of either the automatic stay or the discharge injunction, whichever provision may be applicabl**e.**

**Violations of this Section.**

**A**ny violation of this provision shall be deemed a willful violation of 11 U.S.C. §524(i) in the event that the mortgage loan or loans is not serviced in a manner strictly in compliance with this provision of the plan and to the extent the improper servicing results in improper fees and charges of more than $50.00. The debtor(s) further specifically invoke and intend for this plan provision to invoke and to reserve the debtor(s) the provisions of 11 U.S.C. §524**(i).**

*/s/ ERNESTO MEDINA DIAZ*
Debtor                                                                                         Joint Debtor

-Chapter 13 plan page 7 of 8-

**CHAPTER 13 PLAN DATED October 14, 2014**

*Plan Revision dated 10/08/2014*

**October 14, 2014**  **October 14, 2014**

*/s/ JUAN M. SUAREZ COBO*
DEBTOR'S ATTORNEY SIGNATURE
Tel: 787-791-1818
Fax: 787-791-4260
Box 316, Señorial Station
San Juan, P.R 00926-6023

-Chapter 13 plan page 8 of 8-

| | | |
|---|---|---|
| AMERICAN INFOSOURCE LP AS AGENT FOR<br>DIRECTTV, LLC<br>PO BOX 248848<br>OKLAHOMA CITY, OK 73124-8848 | ASSOCIATES FINANCE<br>PO BOX 1616<br>BAYAMON, PR 00960-1616 | AT&T MOBILITY PUERTO RICO INC.<br>5565 GLENRIDGE CONNECTOR<br>ATLANTA, GA 30342 |
| BANCO POPULAR<br>BANKRUPTCY DIV.<br>PO BOX 362708<br>SAN JUAN, PR 00936-2708 | BANK OF AMERICA<br>PO BOX 15019<br>WILMINGTON, DE 19886-5019 | CITIFINANCIAL<br>PO BOX 6043<br>SIOUX FALLS, SD 57117-6042 |
| CREDIT PROTECTION ASSOCIATION<br>13355 NOEL RD STE 2100<br>DALLAS, TX 75240 | DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION (SUITE 1504)<br>235 AVE. ARTERIAL HOSTOS<br>SAN JUAN, PR 00918-1454 | DIRECT TV<br>P.O. BOX 71413<br>SAN JUAN, PR 00936-8513 |
| NORTH AMERCN<br>2810 WALKER RD<br>CHATTANOOGA, TN 37421 | PR TELEPHONE CO<br>PO BOX 70239<br>SAN JUAN, PR 00936-0239 | PREMIER BANK CARD<br>PO BOX 2208<br>VACAVILLE, CA 95696 |
| RELIABLE FINANCIAL SERVICES<br>PO BOX 21382<br>SAN JUAN, PR 00928-1382 | ROLANDO G ABREU RODRIGUEZ<br>9860 SW 13 TERRACE<br>MIAMI, FL 33174 | SANTANDER CONSUMER USA<br>8585 N STEMMONS FWY STE 1000<br>DALLAS, TX 75247 |
| SOUTHERN MANAGEMENT SYST<br>625-C HERNDON AV.<br>ORLANDO, FL 32803 | | |

© 1993-2013 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only